# EXHIBIT A

1

Fulton County Superior Court
***EFILED***TV
Date: 5/6/2024 9:54 AM
Che Alexander, Clerk



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
136 PRYOR STREET, ROOM J2 C-103, ATLANTA, GEORGIA 30303
## SUMMONS

JOSEPH DENNIS ) Case No.: 24CV005762
)
)
**Plaintiff,** )
)
vs. )
)
LOANCARE, LLC d/b/a LOANCARE SERVICING )
)
CENTER, INC. AND NEWREZ, LLC )
**Defendant** )
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylertech.cloud/OfsEfsp/ui/landing (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

Clifford E. Hardwick, IV, Esq.
2860 East Point St., 2nd Floor
East Point, GA 30344

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This    5/6/2024    day of_____, 20_____

Honorable Ché Alexander, Clerk of Superior Court

By _Tracey Vaughn_
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sherriff

**Instructions:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JOSEPH DENNIS,<br><br>    Plaintiff,<br><br>vs.<br><br>LOANCARE, LLC d/b/a LOANCARE SERVICING CENTER, INC. AND NEWREZ, LLC,<br><br>    Defendants. | Civil Action No. 24CV005762 _____<br><br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff, JOSEPH DENNIS (hereinafter "Plaintiff"), by and through undersigned counsel, and files this Complaint against LOANCARE, LLC d/b/a LOANCARE SERVICING CENTER, INC. AND NEWREZ, LLC, (hereinafter "Defendants") and shows to the court the following facts:

### INTRODUCTION

Plaintiff brings this Complaint for General, Statutory and Punitive Damages for Breach of Contract, Defamation, Trespass, and Georgia Fair Business Practices Act.

### JURISDICTION

**1.**

Subject matter jurisdiction is proper as the Superior Court has jurisdiction pursuant to Ga. Code Ann. § 9-4-2.

**2.**

Subject matter jurisdiction is proper as the Superior Court has jurisdiction over all causes, civil and criminal, granted by the Constitution and laws of this State. Ga. Const. art. VI, § 4, ¶ I; O.C.G.A. §

15-6-8.

## VENUE

**3.**

Venue is proper in this Court pursuant Ga. Const. art. VI, § 2, ¶ IV which allows suits involving joint obligors, joint tort-feasors, joint promisors, copartners, or joint trespassers residing in different counties to be tried in either county.

## PARTIES

**4.**

Plaintiff, JOSEPH DENNIS, *(hereinafter "PLAINTIFF")*, is a natural person residing in Fulton County, Georgia.

**5.**

Defendant, LOANCARE, LLC d/b/a LOANCARE SERVICING CENTER, INC. *(hereinafter "LOANCARE")* is a foreign limited liability company, organized and existing under the laws of another state authorized to do business in Georgia, whose last known principal place of business was located at 3637 Sentara Way, Virginia Beach, VA 23452.  Defendant is subject to the jurisdiction of this Court.  Defendant is a foreign limited liability company who has a Registered Agent in this State, and may be served with Summons and Complaint upon their Registered Agent, C T Corporation System, 289 South Culver Street, Lawrenceville, GA 30046.

**6.**

Defendant, NEWREZ, LLC *(hereinafter "NEWREZ")* is a foreign limited liability company, organized and existing under the laws of another state authorized to do business in Georgia, whose last known principal place of business was located at 601 Office Center Drive, Suite 100, Fort Washington, PA 19034.  Defendant is subject to the jurisdiction of this Court.  Defendant is a foreign limited liability company who has a Registered Agent in this State, and may be served with

Summons and Complaint upon their Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**7.**

The subject real property is located at 1217 Bay St., #205A, Tybee Island, Georgia 31328 (hereinafter the "Subject Property").

**8.**

On May 10, 2019, the Plaintiff, Joseph Dennis, executed a Security Deed to Certainty Home Loans, LLC, as evidenced by the Security Deed which was filed and recorded in the Superior Court of Chatham County Real Estate Records at Deed Book 1618, Page 365.

**9.**

The servicing duties of said Security Deed were assigned to LoanCare, LLC d/b/a LoanCare Servicing Center, Inc. *(hereinafter "LoanCare")*.

**10.**

The servicing duties of said Security Deed was subsequently assigned to NewRez, LLC (hereinafter "NewRez").

**11.**

Defendants have continued to report and publicize erroneous and negative credit information concerning the Plaintiff. Plaintiff has never made any late mortgage payments to Defendants.

**12.**

This action is brought as a matter of right pursuant to the aforementioned Security Deed, which states, "The borrower has the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale."

## FIRST CLAIM FOR RELIEF- TRESPASS

### 13.

Plaintiff hereby incorporates by reference paragraphs 1 through 12 as if same were fully set forth at length herein.

### 14.

Defendants had the duty not to interfere with the Plaintiff's health, reputation, or property.

### 15.

Defendants unlawfully interfered with the reputation of the Plaintiff.[1] As shown in the statement of facts, Defendant published untrue and/or inaccurate information concerning Plaintiff in connection with the subject property.

### 16.

Defendants' unlawful interference was intentionally and conscious and deprived the Plaintiff of the right to a good reputation, thereby breaching the aforementioned duty. This breach occurred when the Defendants published negative information about Plaintiff.

### 17.

Defendants' intentional and conscious interference with the Plaintiff's reputation is the direct and proximate cause of Plaintiff's *mental damages* and *pecuniary loss*.

### 18.

Plaintiff is entitled to damages as one may recover damages arising from any wrongful, continuing interference with a right to the exclusive use and benefit of reputation and property right.[2]

### 19.

Additionally, Plaintiff is entitled to punitive damages as the Defendants' conduct was willful. Willful misconduct in the commission of the trespass is established by the evidence that the trespass was committed on reputation.[3]

---

[1] The Official Code of Georgia defines "trespass" as "any misfeasance, transgression, or offense which damages another's health, reputation, or property. O.C.G.A. § 1–3–3(20). Accord, Cox v. Strickland, 120 Ga. 104, 47 S.E. 912 (1904); Evans v. Cannon, 34 Ga. App. 467, 470–71, 130 S.E. 76 (1925)" King v. Citizens Bank of De Kalb, 88 Ga. App. 40, 76 S.E.2d 86 (1953).

[2] Lanier v. Burnette, 245 Ga.App. 566, 570(3), 538 S.E.2d 476 (2000). See also O.C.G.A. § 51-9-1 ("The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie."); Wright v. Wilcox, 262 Ga.App. 659, 662(1), 586 S.E.2d 364 (2003)" Navajo Const., Inc. v. Brigham, 271 Ga. App. 128, 129, 608 S.E.2d 732, 734 (2004).

[3] Dalon Contracting Co. v. Artman, 101 Ga. App. 828, 836, 115 S.E.2d 377 (1960). See, Swift Loan & Fin. Co., Inc. v. Duncan, 195 Ga. App. 556, 557, 394 S.E.2d 356, 358 (1990).

**20.**

In trespassing upon Plaintiff's reputation, the Defendants are guilty of wanton, conscious and intentional disregard of the rights of Plaintiff. Such disregard is equivalent to legal malice justifying punitive damages.[4]

**21.**

Plaintiff is also entitled to an award of attorney fees pursuant to O.C.G.A. § 13-6-11 which allows recovery of attorney fees where the Defendants have acted in bad faith, has been stubbornly litigious, or has caused the Plaintiff unnecessary trouble and expense. Every intentional tort invokes a species of bad faith and entitles a person so wronged to recover the expenses of litigation including attorney fees.[5]

## SECOND CLAIM FOR RELIEF – GEORGIA FAIR BUSINESS PRACTICES ACT

**22.**

Plaintiff hereby incorporates by reference paragraphs 1 through 12 as if same were fully set forth at length herein.

**23.**

Defendants employed unlawful business practices in violation of the Georgia Fair Business Practices Act of O.C.G.A. § 10-1-393 by using false, deceptive and or misleading representations and or means in connection with the collection of an alleged debt. "So, interpreting and construing the GFBPA consistently with interpretations of the Federal Trade Commission Act, the Trial Court correctly ruled that a violation of the FDCPA also constitutes a violation of the GFBPA." 1st Nationwide Collection Agency, Inc. v. Werner, 288 Ga. App. 457, 459, 654 S.E.2d 428, 431 (2007).

**24.**

As a result of Defendants' violations of the Georgia Fair Business Practices Act of O.C.G.A. § 10-1-393, Plaintiff is entitled to an award of actual damages, treble damages, exemplary damages, costs

---

[4] McGill v. Varin, 213 Ala. 649 (9 & 10), 106 So. 44; Garden v. Houston Bros., 163 Ala. 300, 50 So. 1030; Friedenthal v. Goodloe, 202 Ala. 611, 81 So. 553; Foust v. Kinney, 202 Ala. 392, 80 So. 474; Southern Ry. Co. v. Jordan, 129 Ga. 665, 59 S.E. 802. Inv. Sec. Corp. v. Cole, 57 Ga. App. 97, 194 S.E. 411, 414 (1937) aff'd, 186 Ga. 809, 199 S.E. 126 (1938)

[5] See also Ross v. Hagler, 209 Ga.App. 201, 204(3), 433 S.E.2d 124 (1993). 'Every intentional tort invokes a species of bad faith and entitles a person so wronged to recover the expenses of litigation including attorney fees.' [Cit.] " St. Paul Fire etc. Ins. Co. v. Clark, 255 Ga.App. 14, 24, 566 S.E.2d 2 (2002). See also Greenway, 280 Ga. at 655(3), 631 S.E.2d 689." Bunch v. Byington, 292 Ga. App. 497, 504-05, 664 S.E.2d 842, 848 (2008).

and attorney's fees. The GFBPA "authorizes punitive damages in addition to mandating treble damages for intentional violations. Colonial Lincoln-Mercury Sales v. Molina, supra, 152 Ga.App. at 382, 262 S.E.2d 820." <u>Conseco Fin. Servicing Corp. v. Hill</u>, 252 Ga. App. 774, 778, 556 S.E.2d 468, 473 (2001).

**25.**

Since everyone is presumed to know the law (see Puckett Paving Co. v. Carrier Leasing Corp., 236 Ga. 891, 225 S.E.2d 910), an alleged violator of the GFBPA will not be permitted to take advantage of self-professed ignorance of the law, and thereby escape sanctions for an intentional violation. The intentional violation as contemplated by the GFBPA is a volitional act constituting an unfair or deceptive act or practice conjoined with culpable knowledge of the nature (but not necessarily the illegality) of the act. <u>Colonial Lincoln-Mercury Sales, Inc. v. Molina</u>, 152 Ga. App. 379, 383, 262 S.E.2d 820, 823-24 (1979)

## **THIRD CLAIM FOR RELIEF - DEFAMATION**

**26.**

Plaintiff hereby incorporates by reference paragraphs 1 through 12 as if same were fully set forth at length herein.

**27.**

Defendants' above actions placed Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

**28.**

By such publishing and circulating untrue and derogatory statements concerning the Plaintiff/borrower's financial condition, Defendants exposed the Plaintiff/borrower to public hatred, contempt or ridicule.

**29.**

The conduct of Defendants was the direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above.

## FOURTH CLAIM FOR RELIEF- BREACH OF CONTRACT

### 30.

Plaintiff hereby incorporate by reference the paragraphs 1 through 12 as if same were fully set forth at length herein.

### 31.

The Plaintiff and Defendants have a contractual relationship as evidenced by the Security Deed.

### 32.

Defendants breached its contractual relationship with Plaintiff by failing to accept payments and account for properly.

### 33.

Defendants' repeated breaches of contract have caused Plaintiff to be damaged.

### 34.

Defendants failed to satisfy the contractual requirements to provide a correct and accurate accounting of Plaintiff's payments. These provisions contained in the Security Deed are matters of contract and must be enforced as written.

### 35.

Defendants have acted in bad faith, have been stubbornly litigious and has put Plaintiff to unnecessary trouble and expense entitling them to an award of attorney's fees and costs pursuant to O.C.G.A. § 13-16-11 in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on any and all issues triable by a jury. The law in Georgia regarding the right to trial by jury is clear. In civil actions, the right to trial by jury exists only where the right

existed prior to the adoption of the first Georgia Constitution.[6] The 1983 Georgia Constitution and O.C.G.A. § 9-11-38 assure that this right shall remain inviolate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against all Defendants, and each of them as follows:

A. As to *first claim of relief*, compensatory and punitive damages in an amount to be determined at time of trial, attorney's fees;

B. As to *second claim of relief*, pursuant to Ga. Code Ann., § 16-14-6, Plaintiff is entitled to threefold the damages sustained, punitive damages, and reasonable attorney's fees in connection herewith;

C. As to *third claim of relief*, compensatory and punitive damages in an amount to be determined at time of trial, attorney's fees;

D. As to *fourth claim of relief*, compensatory damages in an amount to be determined at time of trial, attorney's fees;

E. As to all counts, that a jury awards a different measure of damages on each and every claim as the evidence establishes several distinct torts.

F. As to all counts, attorney's fees as allowed by law, prejudgment interest at the statutory rate and all other costs of this proceeding allowed by law;

G. For other and further relief as Plaintiff may be entitled as provided under Georgia law.

H. That Plaintiffs have such other and further relief as is just and proper.

This 30th day of April 2024.                    Respectfully submitted,

/s/ *Clifford E. Hardwick, IV*
Clifford E. Hardwick, IV
Georgia Bar No. 325662
*Attorney for Plaintiff*

**Law Offices of Clifford E. Hardwick, IV**

---

[6] Dept. of Transp. v. Del-Cook Timber Co., 248 Ga. 734(8), 285 S.E.2d 913 (1982); Bell v. Cronic, 248 Ga. 457(1), 283 S.E.2d 476 (1981); Strange v. Strange, 222 Ga. 44(2), 148 S.E.2d 494 (1966); Metropolitan Cas. Ins. Co., etc. v. Huhn, 165 Ga. 667(2), 142 S.E. 121 (1927).

2860 East Point Street
2nd Floor
East Point, GA 30344
Phone: (404) 276-2486
Email: cliffhardwickiv@gmail.com